**Annie Bell JAY et al., Plaintiffs-Appellees,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE et al., Defendants-Appellants.**

No. 29303.

United States Court of Appeals,
Fifth Circuit.

April 19, 1971.

Eldon B. Mahon, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Crawford C. Martin, Atty. Gen., Pat Bailey, William D. Ruckelshaus, Asst. Attys. Gen. of Texas, Austin, Tex., Daniel M. Joseph, Robert N. Ford, John Harris, Alan S. Rosenthal, Attys., U. S. Dept. of Jusitce, Washington, D. C., for defendants-appellants.

Ed J. Polk, Dallas Legal Services Foundation, Dallas, Tex., Ronald F. Pollack, Center on Social Welfare Policy at Law, New York City, for plaintiffs-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

This action was brought by plaintiffs, for themselves and on behalf of others similarly situated, seeking to require the Secretary of Agriculture to institute one of two federal food assistance programs, the Commodity Distribution Program, 7 C.F.R. 250, 251, or the Food Stamp Program, 7 U.S.C. § 2011 et seq., in all areas of the state of Texas. Plaintiffs seek court ordered institution of one of these programs, regardless of the failure of state or local government officials to request such institution or to agree to administer it and pay for its administration.

In the complaint, plaintiffs alleged that they were residents of counties in the state of Texas in which neither program had been established. They asserted that they would be entitled to obtain the benefits of either of the programs if one should be instituted in their counties.

The United States Department of Agriculture and certain Federal and State officials were named as defendants.

The Secretary of Agriculture's response was that:

(1) he stands ready to institute either of the two programs in any area when properly requested by a state or local government agency;

(2) officers of his Department were engaged in active, fruitful negotiations with Texas state and county officials with a view to obtaining the institution of one of the programs in every county in Texas; but,

(3) at the same time, the statutes and regulations governing the Commodity Distribution and Food Stamp programs did not require him to institute and administer locally either of these programs without the participation of state or local government agencies.

The plaintiffs moved for a preliminary injunction and the federal defendants cross-moved to dismiss the cause or, in the alternative, for summary judgment.

The District Court entered an order in which it directed the Department of Agriculture to "immediately put into effect, in the shortest time possible and at Federal expense, the Commodity Distribution Program in every Texas area that has no Food Stamp Program". The Department was ordered to effectuate food program implementation within sixty days from January 5, 1970. The Department has requested two extensions of time, which have been granted. The Department appeals.

This is not a case of first impression. The identical issue has been heard and decided in the First Circuit, Tucker v. Hardin, 1 Cir., 1970, 430 F.2d 737. In that case, for the reasons there reported, the plaintiffs were denied relief. We are in accord. The judgment of the District Court, therefore, will be reversed, and the case will be remanded with directions to dismiss the complaint.

Appellee's motion to dismiss the appeal as moot is denied.

Reversed and remanded with directions.